MERCER                                                    PAGE 0001

JUDY LITTLE

                    VS. VERIZON WIRELESS VAW LLC

LINE   DATE    ACTION

 1  05/24/16   COMPLAINT FILED, SUMMONS ISSED (ATTY PREP) SER    BY CW COMP/SUMM
 2             BY ATTY THROUGH SOS, COPY TO JUDGE & ATTY;
 3  06/06/16   COS FOR PLFT'S FRIST SET OF INTERR AND REQUESTS   BY JJ COS
 4             FOR PRODUCTION OF DOCUMENTS;
 5  06/16/16   SEC. OF STATE ACCEPTED SERVICE OBO VERIZON WIRELESS
 6             ON 060716:
 7  06/22/16   TERRY ? SIGNED FOR CERT MAIL OBO VERIZON          BY PT RETURN
 8             WIRELESS ON 061316:
 9  07/13/17   RULE 41(B) NOTICE OF INTENT TO DISMISS AS THERE   BY PT CERT
10             HAS BEEN NO ACTION FOR OVER A YEAR, OUT TO PLTF'S BY LF RULE 41B
11             ATTORNEY                                          NOTICE
12  07/26/17   PLFT'S MOTION TO STAY ON THE ACTIVE DOCKET W/COS; BY JJ MOT
13  08/03/17   AMENDED COMPLAINT AND SUMMONS FOR VERIZON WIRELESS  BY CW AMEND
14             FILED. SUMMONS ISSUED RETURNED TO ATTY FOR SERVICE;
15  08/24/17   COS FOR PLTF'S FIRST SET OF INTERR & REQUESTS FOR
16             PRODUCTION OF DOCUMENTS TO DEFT;
17  09/01/17   SEC. OF STATE ACCEPTED SERVICE OBO VERIZON WIRELESS  BY PT COS
18             ON 082817:
                                                                 BY PT RETURN

THE FOREGOING IS A TRUE COPY OF A DOCUMENT
ENTERED IN THIS OFFICE ON THE
OF _____ September _____ DAY
DATED THIS _____ 6 _____ DAY OF September
20 __17__
        JULIE BALL, CLERK OF THE
   CIRCUIT COURT OF MERCER COUNTY WV
BY _____ Jessica Jones _____
              HER DEPUTY


EXHIBIT
A

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES

In the Circuit Court of Mercer County, West Virginia



FILED

MAY 2 4 2016

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

### I.  CASE STYLE

Plaintiff:

Case # ___ 16-C- 166-WS

**JUDY LITTLE**

JUDGE ___ Sadler

v.

Defendant:

| | Days to Answer | Type of Service |
|---|---|---|
| **VERIZON WIRELESS (VAW) LLC** | 30 | Sec of State |

Original and two (2) copies of COMPLAINT furnished herewith.

FILED

MAY 2 4 2016

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

JUDY LITTLE,                          PLAINTIFF

V.                                    CIVIL ACTION NO. 16-C-166-WS

VERIZON WIRELESS (VAW) LLC,           DEFENDANT

## COMPLAINT

1. The Plaintiff, Judy Little, is a resident of West Virginia.

2. The Defendant, Verizon Wireless (VAW) LLC, (herein "Verizon") is a national bank having its principal offices in a state other than West Virginia and which does business in West Virginia.

3. After the Plaintiff became in arrears upon an alleged indebtedness to the Defendant, Verizon, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.

### COUNT I

#### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

4. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

5. The Plaintiff is a "person" who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

6.   The Defendant, Verizon, is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Raleigh County, West Virginia.

7.   The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

    a.   attempting to collect a debt by coercion in violation of *West Virginia Code* §46A-2-124;

    b.   engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;

    c.   causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

    d.   utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt in violation of *West Virginia Code* §46A-2-127; and

    e.   using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128.

8. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### COUNT II

#### VIOLATION OF THE *WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT*

9. The Plaintiff is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiff is a "natural person."

10. The Defendant is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

11. The Defendant, with the intent to harass, used an "electronic communication device" as defined by *West Virginia Code* §61-3C-14a to make contact with the Plaintiff after being requested by the Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* §61-3C-14a(a)(2).

12. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crime and Abuse Act* as set forth above.

13. Plaintiff seeks compensatory damages for injuries as provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

14. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

### VIOLATION OF THE TELEPHONE HARASSMENT STATUTE

15. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

16. The Defendant made or caused to be made telephone calls to the Plaintiff causing Plaintiff's telephone to ring repeatedly or continuous with the intent to harass the Plaintiff in violation of *West Virginia Code* §61-8-16(a)(3).

17. The Plaintiff was injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3). As the Plaintiff was injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiff has a civil cause of action for damages Plaintiff sustained by reason of said statutory violation pursuant to *West Virginia Code* §55-7-9 which so provides.

18. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

*Page 4 of 7*

20.   The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a.   Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

b.   Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

c.   Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3), §61-8-16(a)(4), §61-8-16(b) and §61-3C-14a.

21.   As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

22.   As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

**COUNT V**

***COMMON LAW INVASION OF PRIVACY***

23.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

24. The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls.

25. The acts of the Defendant in placing telephone calls to Plaintiff's telephone number invaded, damaged and harmed Plaintiff's right of privacy.

26. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

27. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

A. Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

D. The Plaintiff be granted general compensatory damages and punitive damages for Defendant's conduct alleged in Count II, III, IV and V; and

E.  Such other relief as the Court shall deem meet and proper under the attendant circumstances.

> PLAINTIFF(S) AND ATTORNEYS FOR PLAINTIFF(S) AGREE TO BE BOUND BY THE FOLLOWING STIPULATION:  SO LONG AS THIS CASE REMAINS IN WEST VIRGINIA CIRCUIT COURT OR AN ARTICLE III COURT, THE PLAINTIFF SHALL NEITHER SEEK NOR ACCEPT AN AMOUNT GREATER THAN $75,000.00 IN THIS CASE, INCLUDING ANY AWARD OF ATTORNEY'S FEES, BUT EXCLUDING INTEREST AND COSTS.  THIS STIPULATION HAS NO APPLICATION, FORCE, OR ENFORCEABILITY IN AN ARBITRATION FORUM OR OTHER ALTERNATIVE DISPUTE RESOLUTION ENVIRONMENT EXCEPT NON-BINDING MEDIATION AS PART OF A COURT PROCEEDING.

JUDY LITTLE

BY COUNSEL

HAMILTON, BURGESS, YOUNG
   & POLLARD, *pllc*

BY: _____
   Ralph C. Young *(W. Va. Bar #4176)*
      ryoung@hamiltonburgess.com
   Christopher B. Frost  *(W. Va. Bar #9411)*
      cfrost@hamiltonburgess.com
   Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
      sbroadwater@hamiltonburgess.com
   Jed R. Nolan *(W. Va. Bar #10833)*
      jnolan@hamiltonburgess.com
   *Counsel for Plaintiff*
   P O Box 959
   Fayetteville, WV 25840
   304-574-2727

F:\CM\22662\22662Complaint.WPD

## STIPULATION OF PLAINTIFF AND ATTORNEYS FOR PLAINTIFF

Plaintiff(s) and Attorneys for Plaintiff(s) agree to be bound by the following stipulation: so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor accept an amount greater than $75,000.00 in this case, including any award of attorney's fees, but excluding interest and costs.  This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

JUDY LITTLE

RALPH C. YOUNG *(W. Va. Bar #4176)*
CHRISTOPHER B. FROST *(W. Va. Bar #9411)*
STEVEN R. BROADWATER, JR. *(W. Va. Bar #11355)*
JED R. NOLAN *(W. Va. Bar #10833)*
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC

STATE OF WEST VIRGINIA
COUNTY OF FAYETTE, TO-WIT:

The foregoing instrument was acknowledged before the undersigned authority by JUDY LITTLE on this the _13th_ day of _May_____, 201_6_.

NOTARY PUBLIC

My commission expires: _November 25, 2020_____



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Virginia C. Mann
3902 Pine Grove Rd.
Lerona, WV 25971
My Commission Expires November 25, 2020

F:\CM\22508\22508Stipulation.WPD

**COURT'S COPY**

## SUMMONS

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 16-C-166-DS

JUDY LITTLE,                                   PLAINTIFF

V.

VERIZON WIRELESS (VAW) LLC,                    DEFENDANT

To the above-named Defendant:    **VERIZON WIRELESS (VAW) LLC**
**CT CORPORATION SYSTEM**
**5400 D BIG TYLER ROAD**
**CHARLESTON, WV 25313**

**IN THE NAME OF THE STATE OF WEST VIRGINIA**: You are hereby summoned and required to serve upon **RALPH C. YOUNG, CHRISTOPHER B. FROST,  STEVEN R. BROADWATER, JR.,** and **JED R. NOLAN**, plaintiff's attorney, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840**, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you.  You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated:  _5/24/16_

_____
Clerk of Court'

# SUMMONS

## IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 16-C-166-WS

JUDY LITTLE,

PLAINTIFF

V.

VERIZON WIRELESS (VAW) LLC,

DEFENDANT

To the above-named Defendant:  **VERIZON WIRELESS (VAW) LLC**
**CT CORPORATION SYSTEM**
**5400 D BIG TYLER ROAD**
**CHARLESTON, WV 25313**

FILED
JUN 16 2016
JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

**IN THE NAME OF THE STATE OF WEST VIRGINIA**: You are hereby summoned and required to serve upon **RALPH C. YOUNG, CHRISTOPHER B. FROST,  STEVEN R. BROADWATER, JR.**, and **JED R. NOLAN**, plaintiff's attorney, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840**, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you.  You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded                                          ction

any claim you ma                                                                      ion.

Dated: 05/2

West Virginia Secretary of State
Invoice #317695
Date: 6/6/2016
HAMILTON BURGESS

| Service | Qty | Sub |
| --- | --- | --- |
| Service - US defendant 16-C-166 | 1 | $20.00 |
| Total | | $20.00 |

| Payment type | | Amount |
| --- | --- | --- |
| Check | | $20.00 |
| Total | | $20.00 |

orley

Civil Action Number      16-C-166

Package Identification Code      9214890125134100001103932

Signature Downloaded      6/20/2016 6:04:31 AM

Defendant Name      VERIZON WIRELESS (VAW) LLC

 **UNITED STATES POSTAL SERVICE.**

FILED

JUN 2 2 2016

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

Date Produced: 06/20/2016

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901
1251 3410 0001 1039 32. Our records indicate that this item was delivered on
06/13/2016 at 09:16 a.m. in CHARLESTON, WV 25313. The scanned image of the
recipient information is provided below.

Signature of Recipient :

     Signature   X _____

     Printed Name   Terry Stemon

Address of Recipient :

     Delivery Address   5400 0 BG Tyler Road

Thank you for selecting the Postal Service for your mailing needs. If you require
additional assistance, please contact your local post office or Postal Service
representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United
States Postal Service. It is solely for customer use.

Customer Reference Number: 110393

HAMILTON, BURGESS, YOUNG & POLLARD, *pllc*

*A Professional Limited Liability Company*
*Engaged in the Practice of Law*

KEVIN B. BURGESS
RALPH C. YOUNG
CHRISTOPHER B. FROST
STEVEN R. BROADWATER, JR.
JED R. NOLAN

5493 Maple Lane
P.O. Box 959
Fayetteville, WV 25840
(304) 574-2727

1607 West Main Street
Princeton, WV 24740
(304) 425-8775



LYNN B. POLLARD
Retired

Fax (304) 574-3709

[F:\CM\2262\22662 Clerk Enc Doc and Cert Ltr.WPD]

July 24, 2017

Julie Ball, Courthouse Clerk
Mercer County Circuit Court
Mercer County Courthouse
1501 Main Street
Princeton, WV 24740

Dear Ms. Ball:

**Re:   Judy Little v. Verizon Wireless (VAW) LLC**
**Civil Action No. 16-C-166**

Enclosed please find the following documents regarding the above-captioned civil action:

• **PLAINTIFF'S MOTION TO STAY ON THE ACTIVE DOCKET**

I have this date served copies of the same upon counsel of record. Please mark the documents filed and place the same in the appropriate court record. Thanking you for your assistance, I am

Yours truly,

Jed R. Nolan

JRN:sdt
Enclosures
cc:   Judy Little

FILED

JUL 26 2017

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

JUDY LITTLE,                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 16-C-166
                                                *Judge William J. Sadler*

VERIZON WIRELESS (VAW) LLC,                     DEFENDANT

## PLAINTIFF'S MOTION TO STAY ON THE ACTIVE DOCKET

Plaintiff Judy Little received a Notice of Intent to Dismiss. Plaintiff requests that this matter stay on the active docket. Plaintiff filed this complaint in June 2016. Plaintiff was promptly contacted by counsel for Verizon, and the parties engaged in informal discovery and have worked to resolve this matter. Plaintiff consented to an extension for the Defendant to file an Answer while the parties negotiated in good faith. The parties appear to have reached an impasse in their negotiations, and Plaintiff will request that Defendant file an Answer to her complaint.

"Because of the harshness of the sanction, a dismissal with prejudice should be considered appropriate only in flagrant cases." *Dimon v. Mansy*, 198 W. Va. 40, 45, 479 S.E.2d 339, 344 (1996). In this matter, Plaintiff has been contacted by Defendant's counsel. The parties sought to conserve judicial resources by discussing possible resolution of this matter. Plaintiff requests that this Court allow the matter to proceed.

JUDY LITTLE

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY: _____

Ralph C. Young *(W. Va. Bar #4176)*
   ryoung@hamiltonburgess.com
Christopher B. Frost *(W. Va. Bar #9411)*
   cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
   sbroadwater@hamiltonburgess.com
Jed R. Nolan *(W. Va. Bar #10833)*
   jnolan@hamiltonburgess.com
*Counsel for Plaintiff*
P O Box 959
Fayetteville, WV 25840
304-574-2727

C:\Users\sthompson\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\KJCDGDZ7\22662Motion Stay Active.wpd

FILED

AUG 03 2017

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

JUDY LITTLE,                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 16-C-166 (WS)

VERIZON WIRELESS (VAW) LLC,                     DEFENDANT

## AMENDED COMPLAINT

1. The Plaintiff, Judy Little, is a resident of West Virginia.

2. The Defendant, Verizon Wireless (VAW) LLC, (herein "Verizon") is a national bank having its principal offices in a state other than West Virginia and which does business in West Virginia.

3. After the Plaintiff became in arrears upon an alleged indebtedness to the Defendant, Verizon, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.

4. Plaintiff repeatedly asked that Defendant stop contacting her by telephone. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

5. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

6. Within four years immediately preceding the filing of this lawsuit, Defendant and/or its agents telephoned the Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

## COUNT I

### *VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

7. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

8. The Plaintiff is a "person" who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

9. The Defendant, Verizon, is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Raleigh County, West Virginia.

10. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

a. attempting to collect a debt by coercion in violation of *West Virginia Code* §46A-2-124;

b. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;

c. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

d. utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt in violation of *West Virginia Code* §46A-2-127; and

e. using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128.

11. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE *WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT*

12. The Plaintiff is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiff is a "natural person."

13. The Defendant is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

14. The Defendant, with the intent to harass, used an "electronic communication device" as defined by *West Virginia Code* §61-3C-14a to make contact with the Plaintiff after

being requested by the Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* §61-3C-14a(a)(2).

15.   The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crime and Abuse Act* as set forth above.

16.   Plaintiff seeks compensatory damages for injuries as provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

17.   As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

COUNT III

*VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT*

18.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

19.    The Plaintiff is a person who falls under the protection of the *Telephone Consumer Protection Act*, 47 USC §227 *et seq.*

20.    Within the four year period immediately preceding this action, the Defendant used an automatic telephone dialing system and/or artificial  recorded voice, as defined by 47 USC §227(a)(1), to place unsolicited advertisements and telephone solicitations, as defined by 47 USC §227(a)(4)-(5), to the Plaintiff on a cellular phone.

21.   At no time did the Plaintiff expressly authorized the Defendant to make calls to the Plaintiff using an automatic telephone dialing system or artificial recorded voice.

22.   The Defendant has engaged in repeated violations of the *Telephone Consumer Protection Act*, including but not limited to, placing unauthorized telephone calls to Plaintiff's cellular telephone using any automatic telephone dialing system or an artificial or pre-recorded voice in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii).

23.   The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

24.   As a result the violations of law as aforesaid, Plaintiff was inconvenienced, aggravated, angered and otherwise sustained damages.

25.   The acts of the Defendant as aforesaid entitle the Plaintiff to recover actual damages as well as $500.00 damages for each violation, whichever is greater pursuant to 47 USC §227(b)(3).   Moreover, Plaintiff is entitled to trebled statutory damages as the Defendant acted willfully or knowingly in violating the TCPA.

26.   Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 USC §227(b)(3)(a).

## COUNT IV

### COMMON LAW INVASION OF PRIVACY

27.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

28.   The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago*, 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown*, 447 U.S. 455, 471 (1980).

29.   The acts of the Defendant in placing telephone calls to Plaintiff's telephone number invaded, damaged and harmed Plaintiff's right of privacy.

30.   The Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, private concerns, and affairs to be free from harassing and annoying solicitations in his home.

31.   Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns of this Plaintiff, namely by repeatedly and unlawfully attempting to solicit services and calling Plaintiff's cellular telephone, and thereby invaded Plaintiff's privacy.

32.   As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

33.   As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

A.   Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint and pursuant to 47 USC §227(b)(3) for all such violations that occurred up to the date and time of the filing of this complaint;

B.   Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C.   Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

D.   The Plaintiff be granted general compensatory damages and punitive damages for Defendant's conduct alleged in Count II, III, IV and V; and

E.   Such other relief as the Court shall deem meet and proper under the attendant circumstances.

PLAINTIFF(S) AND ATTORNEYS FOR PLAINTIFF(S) AGREE TO BE BOUND BY THE FOLLOWING STIPULATION:  SO LONG AS THIS CASE REMAINS IN WEST VIRGINIA

CIRCUIT COURT OR AN ARTICLE III COURT, THE PLAINTIFF SHALL NEITHER SEEK NOR ACCEPT AN AMOUNT GREATER THAN $75,000.00 IN THIS CASE, INCLUDING ANY AWARD OF ATTORNEY'S FEES, BUT EXCLUDING INTEREST AND COSTS. THIS STIPULATION HAS NO APPLICATION, FORCE, OR ENFORCEABILITY IN AN ARBITRATION FORUM OR OTHER ALTERNATIVE DISPUTE RESOLUTION ENVIRONMENT EXCEPT NON-BINDING MEDIATION AS PART OF A COURT PROCEEDING.

JUDY LITTLE

BY COUNSEL

HAMILTON, BURGESS, YOUNG
&  POLLARD, *pllc*

BY: _____

Ralph C. Young *(W. Va. Bar #4176)*
    ryoung@hamiltonburgess.com
Christopher B. Frost  *(W. Va. Bar #9411)*
    cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
    sbroadwater@hamiltonburgess.com
Jed R. Nolan *(W. Va. Bar #10833)*
    jnolan@hamiltonburgess.com
*Counsel for Plaintiff*
P O Box 959
Fayetteville, WV 25840
304-574-2727

*Page 8 of 8*

## STIPULATION OF PLAINTIFF AND ATTORNEYS FOR PLAINTIFF

Plaintiff(s) and Attorneys for Plaintiff(s) agree to be bound by the following stipulation: so long as this case remains in West Virginia Circuit Court or an Article III Court, the Plaintiff shall neither seek nor accept an amount greater than $75,000.00 in this case, including any award of attorney's fees, but excluding interest and costs. This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

_____
JUDY LITTLE

_____
RALPH C. YOUNG *(W. Va. Bar #4176)*
CHRISTOPHER B. FROST *(W. Va. Bar #9411)*
STEVEN R. BROADWATER, JR. *(W. Va. Bar #11355)*
JED R. NOLAN *(W. Va. Bar #10833)*
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC

STATE OF WEST VIRGINIA
COUNTY OF FAYETTE, TO-WIT:

The foregoing instrument was acknowledged before the undersigned authority by JUDY LITTLE on this the _13th_ day of _May_____, 201_6_.

_____
NOTARY PUBLIC

My commission expires: _November 25, 2020_

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Virginia C. Mann
3802 Pine Grove Rd.
Lanora, WV 25971
My Commission Expires November 25, 2020

F:\CM\22508\22508Stipulation.WPD

# SUMMONS

### IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 16-C-166 (WS)

JUDY LITTLE,                                   PLAINTIFF

V.

VERIZON WIRELESS (VAW) LLC,                    DEFENDANT

To the above-named Defendant:   **VERIZON WIRELESS (VAW) LLC**
**CT CORPORATION SYSTEM**
**5400 D BIG TYLER ROAD**
**CHARLESTON, WV 25313**

**IN THE NAME OF THE STATE OF WEST VIRGINIA**: You are hereby summoned and required to serve upon **RALPH C. YOUNG, CHRISTOPHER B. FROST,  STEVEN R. BROADWATER, JR.,** and **JED R. NOLAN,** plaintiff's attorney, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840,** an answer, including any related counterclaim or defense you may have, to the amended complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you.  You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated:  *August 4, 2017*

_____
Clerk of Court

RETURN USE ONLY

# SUMMONS

### IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

FILED

SEP 0 1 2017

JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

CIVIL ACTION NO. 16-C-166 (WS)

JUDY LITTLE,                                    PLAINTIFF

V.

VERIZON WIRELESS (VAW) LLC,          DEFENDANT

To the above-named Defendant:   **VERIZON WIRELESS (VAW) LLC**
**CT CORPORATION SYSTEM**
**5400 D BIG TYLER ROAD**
**CHARLESTON, WV 25313**

**IN THE NAME OF THE STATE OF WEST VIRGINIA:** You are hereby summoned and required to serve upon **RALPH C. YOUNG, CHRISTOPHER B. FROST, STEVEN R. BROADWATER, JR.,** and **JED R. NOLAN**, plaintiff's attorney, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840**, an answer, including any related counterclaim or defense you may have, to the amended complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you. You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _August 4, 2017_

_Julie Ball_

_Crystal Worley_
Clerk of Court

By Her Deputy